## Smith's Estate.

*Decedents' estates — Transfer inheritance tax — Proceeds of Veteran's Adjusted Service Certificate.*

The proceeds of an adjusted service certificate of the United States, issued to the decedent as a war veteran by the Director of the United States Veterans' Bureau, in compliance with section 501, Title v, of the World War Adjusted Compensation Act of 1924, is not subject to the Pennsylvania transfer inheritance tax, although the certificate is made payable to the estate.

Appeal from assessment of transfer inheritance tax. O. C. Phila. Co., Oct. T., 1925, No. 3701.

*Otto Robert Heiligman*, for appellants.

*Charles S. Schofield*, for Commonwealth.

HENDERSON, J., Jan. 24, 1927.—The decedent, George W. Smith, a resident of Philadelphia County, died April 3, 1925, intestate, unmarried and without issue, leaving as his heirs-at-law and next of kin his six first cousins, the appellants in this cause. In his lifetime and at the time of his death, the decedent was a Sergeant in the United States Marine Corps; among the papers of his estate was Adjusted Service Certificate No. 1113577 of the United States of America, issued to him by the Director of the United States Veterans' Bureau in compliance with section 501 of Title v of the World War Adjusted Compensation Act, of the value of $1524, payable thereunder to the decedent's estate. On Oct. 27, 1925, Bella Taylor McDowell, administratrix of the estate of the decedent, received from the United States Government, United States Veterans' Bureau, in payment of the Adjusted Service Certificate above mentioned, the sum of $1524, and which amount was set forth in the inventory and appraisement filed in this estate. The appraiser appointed by the Register has appraised this sum at the face value thereof for transfer inheritance tax; the appellant contends that no tax is due.

Section 308 of Title "3" of the World War Adjusted Compensation Act of 1924 provides as follows: "No sum payable under this Act to a veteran or his dependents, or to his estate, or to any beneficiary named under Title '5;' no Adjusted Service Certificate, and no proceeds of any loan made on such Certificate, shall be subject to attachment, levy or seizure under any legal or equitable process, or to National or State taxation."

It is contended by the Commonwealth that when Congress provided that "no sum payable under this act . . . shall be subject to attachment, levy or seizure under any legal or equitable process, or to National or State taxation," it was only intended that these inhibitions should apply to such sums while still within the control of the Federal Government, and that when they are paid over to the designated beneficiary the inhibitions fall; that the use of the word "payable" implies that the sum in question has not been paid, and the inhibitions do not attach when payment has been made.

This would be a narrow construction for an act of belated compensation which springs from the generous impulse of the American people. The Oxford Dictionary defines "payable" as due and owing; in the context of this act it may be said to mean "arising." The same clause further provides that "no Adjusted Service Certificate and no proceeds of any loan made on such certificate" shall be subject to attachment, &c. Both the certificate and the proceeds of a loan would be assets in the hands of the veteran, and neither could be attached or taxed.

It is well established that neither the Federal Government nor any sovereignty may be attached for sums held by it, 28 Corpus Juris, § 80, page 64,

and, hence, the narrow construction contended for by the Commonwealth would be meaningless if the inhibitions only attached to the moneys or certificates while in the hands of the Government.

The Commonwealth further contends that, when this veteran made his certificate payable to his estate, he subjected it to all the demands against and incidents of an estate, hence it must respond to creditors as well as the tax gatherer. The words of the act negative this contention. It provides, "no sum payable to a veteran . . . or to his estate . . . shall be subject to attachment, levy or seizure under any legal or equitable process, or to National or State taxation." Can it be more plainly stated that these moneys in the hands of the administrator of an estate may not be subjected to the demands of creditors or the tax gatherer? It passes to the estate for distribution to the next of kin free from all claims of creditors. It should be stated that there are no creditors of this estate, as is shown by the adjudication of the administrator's account in January, 1926. Congress permitted payment to the estate as the most direct method of ascertaining the next of kin of the veteran. The fund is here for distribution because it is the function of this court to ascertain the next of kin. In Clement's Estate, 160 Pa. 391, there was a fund arising from a French Spoliation Claim and distribution to the next of kin was directed; in commenting on the question of jurisdiction, the Supreme Court said: "The question of the jurisdiction of the Orphans' Court, under this construction of the act, was not raised in the case, but it would not be insuperable. The ascertainment of the next of kin to the decedent, for purposes of distribution, is within the general jurisdiction of the court, and there would be little, if any, stretch of it in including such ascertainment with reference to a fund which, though not part of the decedent's estate, was, for the purpose of ascertaining who were to take, to be treated as if it were."

I have reached the opinion that no tax is due on the adjusted compensation fund of $1524, and, as to it, the appeal is sustained and the record is remitted to the Register.

The exceptions filed by the Commonwealth were withdrawn.